UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: * | |
| * | |
| LAWRENCE E. SARNER, * | |
| * | |
| Debtor. * | |
| _____ * | |
| * | |
| LAWRENCE E. SARNER, * | |
| * | |
| Appellant, * | |
| * | Bankruptcy Appeal |
| v. * | Civil Action No. 10-11238-JLT |
| * | |
| DEAN COOPERATIVE BANK, * | |
| * | |
| Appellees. * | |

MEMORANDUM

March 28, 2011

TAURO, J.

I.  Introduction

Appellant Lawrence Sarner appeals the bankruptcy court's denial of his motion to reconsider its decision to grant relief from an automatic stay. Presently at issue are Appellant's Renewed Emergency Motion for Stay Pending Appeal [#11] and Appellee's Motion to Dismiss Appeal [#16]. For the reasons set forth below, Appellant's Renewed Emergency Motion for Stay Pending Appeal [#11] is DENIED AS MOOT and Appellee's Motion to Dismiss Appeal [#16] is ALLOWED.

1

II. Background

Appellant filed for bankruptcy on November 24, 2009, which triggered an automatic stay on the sale of Appellant's assets pursuant to 11 U.S.C. § 362.[1] Appellee holds a first mortgage on Appellant's house ("the property").[2] On February 19, 2010, Appellee filed a motion seeking relief from the automatic stay, which was preventing a foreclosure sale of the property.[3] After a hearing, the bankruptcy court granted the motion and Appellant moved for reconsideration.[4] The bankruptcy court denied Appellant's motion for reconsideration, and Appellant appealed to the U.S. District Court for the District of Massachusetts.[5] In the interim, the property was foreclosed upon and sold to a third party.[6]

On May 24, 2010, the appeal was assigned to Judge Zobel and designated Case Number 10-10872.[7] Appellant filed a motion for a stay pending appeal in that court, which Judge Zobel

---

[1] This court takes judicial notice of the procedural history of this case, including its previous incarnations in front of the bankruptcy court, Judge Zobel, and the First Circuit. See Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); id. at 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

[2] Renewed Emergency Mot. Stay Pending Appeal ¶ 2 [#11].

[3] See supra note 1.

[4] See id.

[5] Id.

[6] Taking the facts in the light most favorable to Appellant, the house has been foreclosed upon. See, e.g., Resp. Mot. Dismiss ¶ 10 [#17] (referring to "the resulting foreclosure" of the property).

[7] See supra note 1.

2

denied.[8] Appellant filed an interlocutory appeal of this denial, and on July 1, 2010, the First Circuit affirmed Judge Zobel's denial.[9] On October 1, 2010, Judge Zobel affirmed the order of the bankruptcy court.[10] Appellant appealed that judgment, and on November 29, 2010, the First Circuit again affirmed.[11]

On July 12, 2010, this court was assigned a second appeal of the same issue by the same Appellant.[12] This case was designated Case Number 10-11238.

III. Discussion

Although admittedly "confused by the procedural anomaly"[13] of this duplicate appeal, Appellant continues to press his case. In his Renewed Emergency Motion for Stay Pending Appeal, Appellant claims that Judge Zobel's decision to deny a stay is not binding because that court did not have "the complete record."[14] Appellant presents arguments, similar to those in his

---

[8] See id.

[9] Id.

[10] Id.

[11] Id.

[12] This court can conceive of two ways this duplication may have occurred. First, it is possible that the interlocutory affirmation of the First Circuit was mistakenly treated as a remand. In that case, this district's procedure of assigning a remand to a judge other than the original trial judge produced a second case, while the first remained open. Second, it is possible that an error occurred in the CM/ECF computer system that controls this district's docket. The case before Judge Zobel listed Appellant as "Lawrence Sarner," while the case before this court lists Appellant as "Lawrence E. Sarner." The addition of the middle initial may have allowed the duplication of the appeal within the docketing system.

[13] Resp. Mot. Dismiss ¶ 9 [#17].

[14] Renewed Emergency Mot. Stay Pending Appeal ¶ 14 [#11]. Appellant does not specify what information was lacking from the record, why it was not provided to Judge Zobel, or how its absence invalidated either the district court's decision or the First Circuit's affirmation.

3

Brief for Appellant [#8], for the stay.

This court need not address these arguments. In its November 29, 2010 affirmation of Judge Zobel, the First Circuit held that (1) the appeal was moot, (2) Appellant lacked standing to pursue the matter further, and (3) the appeal did not present a substantial question.[15] The issues Appellant presents have therefore already been dismissed by a higher court.

To the extent that this appeal and Appellant's motion for an emergency stay are separate from the prior case before Judge Zobel and the accompanying affirmation, subsequent events have rendered this appeal moot. First, Appellant moves for an emergency stay solely to prevent the "irreparable harm resulting from foreclosure."[16] Because the property was foreclosed upon and sold on September 10, 2010,[17] a stay for the purpose of preventing foreclosure would have no effect. Appellant's Emergency Motion is therefore moot.[18]

So, too, is the appeal. The sole issue before this court is whether the bankruptcy court erred in denying Appellant's motion for reconsideration after granting Appellee relief from the automatic stay.[19] The purpose of that stay was to prevent the foreclosure and sale of Appellant's property. The property has since been sold to a third party. Because a court should not disturb

---

[15] Sarner v. Dean Coop. Bank (In re Sarner), No.10-2257 (1st Cir. Nov. 29, 2010).

[16] Renewed Emergency Mot. Stay Pending Appeal ¶ 14 [#11].

[17] Appellee's Mot. Dismiss Appeal, Ex. D [#16]; see also Resp. Mot. Dismiss ¶ 10 [#17].

[18] See Anheuser-Busch, Inc. v. Miller (In re Stadium Mgmt. Corp.), 895 F.2d 845, 847–48 (1st Cir. 1990) (explaining that one justification for a finding of mootness is the court's jurisdictional bar from making decisions when it is unable to provide a remedy).

[19] Br. Appellant, 5 [#8].

valid third-party sales,[20] this court can fashion no remedy. This appeal is therefore moot.[21]

In his Response to Motion to Dismiss, Appellant correctly quotes the First Circuit when he asserts that the "failure to obtain a stay is not sufficient ground for a finding of mootness."[22] The First Circuit continues, however, that "in the absence of a stay, interested parties are free to implement the confirmed reorganization plan according to its terms, and the consequent circumstances may moot the matter in dispute."[23] That is exactly what occurred here.

Indeed, in his Emergency Motion, Appellant acknowledges that his appeal would be moot were the property sold.[24]

Appellant later reversed his position, claiming that this appeal is not moot even though the

---

[20] Anheuser-Busch, 895 F.2d at 847–48.

[21] See id.

[22] Resp. Mot. Dismiss ¶ 10 [#17] (quoting Rochman v. Ne. Utils. Serv. Grp. (In re Pub. Serv. Co. of N.H.), 963 F.2d 469, 473 (1st Cir. 1992)).

[23] Rochman, 963 F.3d at 473. Rochman dealt with a Chapter 11 bankruptcy, rather than the Chapter 13 bankruptcy now at bar. See id. at 470. The underlying issues, however, are the same.

[24] Appellant cites a First Circuit case in which a mortgage was foreclosed after a case was improperly dismissed but before that dismissal could be overturned. See Renewed Emergency Mot. Stay Pending Appeal ¶¶ 14, 18, 22 [#11] (citing Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno), 429 F.3d 16 (1st Cir. 2005)). In that case, the First Circuit declined to disturb the foreclosure because there was no stay prohibiting it. See Lomagno, 429 F.3d at 18. Accordingly, Appellant asserts that absent a stay to prevent foreclosure, the sale of the property could moot his appeal. Lomagno is factually distinguishable from the case at bar. Lomagno involved a due process violation, which Appellant does not allege. See id. Regardless, the issue is moot under Anheuser-Busch and Rochman. See supra notes 18–23 and accompanying text; see also Sarner, supra note 15 (citing Rochman when holding that Appellant's prior appeal had been rendered moot by the sale of the property).

5

property was sold.[25] He argues that an available remedy exists in the equitable power of Massachusetts courts to set aside wrongful foreclosures.[26] It is unnecessary to reach this question, however, because wrongful foreclosure is a state tort claim not at issue in this appeal.[27] This appeal is confined to the issue of whether the bankruptcy court abused its discretion when it denied Appellant's motion for reconsideration. This question, to the extent that it has not already been answered by both Judge Zobel and the First Circuit, has been mooted by the sale of the property.

IV.     Conclusion

For the foregoing reasons, Appellant's Renewed Emergency Motion for Stay Pending Appeal [#11] is DENIED AS MOOT and Appellee's Motion to Dismiss Appeal [#16] is ALLOWED.

AN ORDER HAS ISSUED.

                                                   /s/ Joseph L. Tauro
                                             United States District Judge

---

[25] This reversal of position may be barred by judicial estoppel, a doctrine that "precludes a party from asserting a position contrary to a position it has already asserted." Cadle Co. v. Schlichtmann, Conway, Crowley & Hugo, 338 F.3d 19, 22 (1st Cir. 2003). Because the appeal is moot regardless, it is not necessary to reach that question here.

[26] See Resp. Mot. Dismiss ¶ 10 [#17] (citing Kattar v. Demoulas, 433 Mass. 1 (2000)).

[27] See Br. Appellant, 5 [#8] (identifying the issue of whether the bankruptcy court erred in denying Appellant's motion for reconsideration as the issue on appeal).